BOLIN, Judge.
Leland W. Montgomery, individually and on behalf of his minor son Bennie, instituted this tort action to recover damages for injuries and related expenses resulting from an automobile accident allegedly caused by the negligence of Mrs. McClure. Joined as defendants are Mr. McClure and his liability insurer. From judgment rejecting his demands plaintiff appeals.
The sole dispute is factual and concerns the real cause of the accident. The events immediately preceding and leading up to the collision are uncontroverted. Shortly after three o’clock on the afternoon of April 18, 1963, Mrs. McClure, accompanied by her married daughter, a cousin and her father-in-law, was driving a 1957 Chevrolet, belonging to her husband, on Line Avenue, a four-lane thoroughfare in the City of Shreveport. Her vehicle was proceeding south in the left or inside lane. When Mrs. McClure reached a point somewhere near the middle of the two-thousand block of Line Avenue she noticed another car, headed south, in front of her in the inside lane signaling for a left turn into an establishment on the east side of Line Avenue.
Mrs. McClure testified she brought her vehicle to a normal and gradual halt behind the automobile in front of her which had stopped to make the left turn. After the car ahead completed its turn, it was the testimony of Mrs. McClure she started her car forward and had proceeded a short distance when her right front fender was sideswiped by a Corvair being driven by plaintiff’s minor son also proceeding south in the curb or right lane of Line Avenue.
Immediately thereafter Bennie lost control of the Corvair, skidded forty-one feet and struck a telephone pole on his right with such force the entire front of his car was pushed into a “U” shape. This impact inflicted upon the youth the injuries, bruises and abrasions for which petitioner asks the sum of $1500.
Plaintiff contends Mrs. McClure was traveling at a rapid speed when she observed the left-turning car ahead of her. Further, he contends she applied her brakes suddenly, skidded into the right or curb lane, struck the Montgomery automobile causing his son to lose control thereof and run into the telephone pole. Supporting in some degree young Montgomery’s version is that of the investigating officer who testified, in accord with his report, that the McClure Chevrolet skidded four feet at a thirty degree angle over the line into the curb lane. However, since the officer was not an eyewitness and the McClure car had been driven around the wreck and parked next to the curb before his arrival on the scene, it was not shown how the officer could have identified the four feet of skid marks as having been left by the Chevrolet.
The evidence is brief and comprised of the testimony of young Montgomery, the investigating officer and the occupants of the McClure automobile, the latter of whom concur in the statement that Mrs. McClure never turned out of her lane of travel. The physical evidence was scanty and the witnesses testified the damage to the McClure automobile consisted of a scratch approximately two to four inches long on the right front fender thereof; that the damage to the left side of the Montgomery vehicle was also slight whereas the front end damage was major. The point of impact was not definitely established.
We have reviewed the record carefully and find plaintiff has failed to show any negligence attributable to Mrs. McClure. Accordingly, the judgment of the lower court is affirmed at appellant’s cost.
Affirmed.